MARC T. RASICH (SB #174683)
*mtrasich@stoel.com*
TIMOTHY K. CONDE (*Pro Hac Vice Pending*)
*tkconde@stoel.com*
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328.3131
Facsimile: (801) 578.6999

PATRICIA D. DOUGLASS (SB #63518)
*pdouglass@cox.net*
98 Interpromontory Rd.
Great Falls, VA 22066-3219
Telephone: (703) 759-3586
Facsimile: (703) 935-4823

Attorneys for Defendants Wayne Drizin, Michael Gardiner, Electronic Plastics Corporation, and A Card Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E-SMART TECHNOLOGIES, INC., a Nevada corporation; and IVI SMART TECHNOLOGIES, INC., a Delaware corporation,, <br><br> Plaintiffs, <br><br> v. <br><br> WAYNE DRIZIN; MICHAEL GARDINER; ELECTRONIC PLASTICS COMPANY, a California corporation; and A CARD COMPANY, a California corporation,, <br><br> Defendants. | **JOINT STIPULATION AND ORDER** <br><br> Case No. 06-CV-05528 MHP <br><br> The Honorable Marilyn Hall Patel |

Plaintiffs e-Smart Technologies, Inc. and IVI Smart Technologies, Inc. (collectively, "e-Smart"), and defendants Wayne Drizin, Michael Gardiner, Electronic Plastics Company, and A Card Company (collectively, "Consultants") hereby agree as follows:

1. Consultants agree that they will not represent themselves as representatives of e-Smart.

2. Consultants agree to send to e-Smart, at e-Smart's expense, all property belonging to e-Smart (including all computers, designs, schematics and peripherals, and any computer copies thereof) in Consultants' possession or control within 10 days after receiving from e-Smart an address to which to send the property and a Fed Ex or similar account number to which to bill the costs of shipping. Notwithstanding the above, e-Smart recognizes that (1) there is some e-Smart property in Indonesia and Korea; and (2) laptop computers containing personal, confidential or privileged material which cannot be returned within 10 days, but which will be returned as soon as practicable but within 30 days of the date this proposed order is filed with the Court. Consultants' counsel may retain one copy of any returned documents, files, and computer drives through the end of this litigation including any appeals subject to the terms of the protective order contemplated in paragraph 7, below.

3. Consultants' counsel will provide e-Smart's counsel with a log of all computer files claimed to be personal, confidential or privileged no later than 10 days after the return of the information referenced in paragraph 2, above.

4. E-Smart agrees that within 10 days after this proposed order is filed with the Court, it will provide Consultants with a complete list, including without limitation, all designs and specifications, of what it contends are e-Smart's protectable trade secrets related to its smart card business, as set forth in the requirements of California Code of Civil Procedure (CCP) section 2019.210.

5. Provided e-Smart has complied with California Code of Civil Procedure (CCP) section 2019.210 and paragraph 4, above, Consultants agree that within 10 days after e-Smart provides its disclosures as required by paragraph 4, they will provide e-Smart a reasonably

particular description of the technology they are using, if any, which they contend is publicly available, known to those skilled in the art, or has been developed at their own risk and expense and/or independent of e-Smart.

6. Within 10 days after this proposed order is filed with the Court, the parties shall submit to the Court an agreed schedule of a course of expedited discovery which will commence after the disclosure referenced in paragraph 5, above, said discovery to be limited to the factual issues raised by the papers filed in support of our opposition to the motion for a temporary retraining order.

7. The parties agree that the disclosures referenced in paragraphs 4 and 5, above, will be subject to a Protective Order in a form to be developed and agreed to by counsel. Among other things, the Protective Order shall allow either party to designate information and data as "Confidential," limiting disclosure to the parties, their attorneys and experts, or as "Attorneys Eyes Only," limiting highly sensitive information to review only by the other parties' attorneys (not engaged in the prosecution of any patents on behalf of the party) or independent third party experts with no prior affiliation with any of the parties. Additionally, the parties agree that neither is waiving any rights or counterclaims that they may have against each other or any other person or entity with respect to their trade secrets by the disclosure of such information.

8. Consultants agree that they will not use any of e-Smart's proprietary or trade secret technology, if any; any technology directly derived from any of e-Smart's proprietary or trade secret technology, if any, or any technology obtained from any of e-Smart's employees, former employees, or consultants that such parties obtained during his or her employment or consultancy with e-Smart that is e-Smart's proprietary or trade secret technology, if any.


9. As Wayne Drizin claims that he is not currently engaging in the biometric smart card business, he agrees that he will continue to not engage in the biometric smart card business until the Court rules on e-Smart's motion for a preliminary injunction.

10. It is ORDERED by the Court, that any agency of the federal government that is in possession of any smart cards or imitations thereof obtained from defendant Wayne Drizin shall promptly deliver them to e-Smart, unless that agency has an independent reason to retain same.

DATED: October 23, 2006

STOEL RIVES LLP

By: _____
Marc T. Rasich
Timothy K. Conde
Attorneys for Defendants Wayne Drizin,
Michael Gardiner, Electronic Plastics
Corporation, and A Card Company


FULBRIGHT & JAWORSKI LLP.
HINSHAW & CULBERTSON LLP

By: _____
Gregory B. Wood
Maranda E. Fritz
Attorneys for Plaintiffs e-Smart
Technologies, Inc., and IVI Smart
Technologies, Inc.

_____
The Honorable Marilyn Hall Patel
United States District Judge

October 31, 2006
Date

STOEL RIVES LLP
ATTORNEYS AT LAW
SALT LAKE CITY

3:06-CV-005528 MHP — -4- — JOINT STIPULATION AND ORDER

SaltLake-289550.1 0036547-00001

31020581v1 860640