UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E-SMART TECHNOLOGIES, INC., a Nevada corporation, and IVI SMART TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>WAYNE DRIZIN; MICHAEL GARDINER; ELECTRONIC PLASTICS CORPORATION, a California corporation, and A CARD COMPANY, INC., a California corporation,<br><br>Defendant. | Case No. 3:06-cv-5528-MHP<br><br>**STIPULATED PROTECTIVE ORDER** |

Disclosure and discovery activity in this case are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for purposes other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order (the "Protective Order") to facilitate the flow of discovery materials and the prompt resolution of disputes over confidentiality and to protect the confidentiality of documents which any party in good faith believes to be confidential. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in paragraph 3(d) below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that the parties must follow and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1. Definitions.

1.1 Party. Any party to this action, including all of its officers, directors, employees, and consultants.

1.2 Protected Non-Party. Any person not a Party to this action from whom a Party seeks disclosure of discovery material for use in this action who has expressed the wish to be afforded the protections of this Protective Order.

1.3 Disclosure or Discovery Material. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.4 "Confidential" Information or Items. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under Fed .R. Civ. Proc. 26(f) as proprietary or otherwise commercially sensitive information.

1.5 "Highly Confidential—Attorneys' Eyes Only" Information or Items. Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-party would create a substantial risk of competitive disadvantage that could not be avoided by less restrictive means. Information designated as "Highly Confidential" may include, without limitation, confidential, proprietary or otherwise sensitive information, trade secrets, present business strategies, inventions and associated patent rights, assignments to certain patent rights, sales information, future strategic plans, and pending contractual negotiations and/or transactions.

1.6 Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

1.7 Producing Party. A Party or Non-party that produces Disclosure or Discovery Material in this action.

1.8 Designating Party. A Party or Protected Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —Attorneys' Eyes Only."

1.9   Protected Material. Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

1.10   Outside Counsel. Counsel of record in this action (including all support staff of such Counsel) who are retained to represent or advise a Party in this action who are not employees of a Party.

1.11   Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action. An Expert to whom "Highly Confidential - Attorney's Eyes Only" information is disclosed shall meet the additional requirements set forth in ¶3.3(b).

1.12   Professional Vendors. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.   Designation of Protected Information.

2.1   The parties agree that any person from whom the disclosure of information is sought by a Party for use in this action may, but shall not be required, to give notice of the existence and terms of this Protective Order.

2.2   Any Party or Protected Non-party may designate as "Confidential" or "Highly Confidential" any document, or any portion thereof, or other information produced or to be produced, either voluntarily or pursuant to discovery in this action, to any Party in connection with this action, to the extent such information constitutes Confidential Information or Highly Confidential Information as defined in this Order. Such designations shall constitute a representation that the Designating Party or protected person (and Counsel, if any) in good faith believes that the information so designated constitutes Confidential Information or Highly Confidential Information. The parties agree that, for ease of administration of this Protective Order, if a Party or Protected Non-party believes in good faith that a portion of any document or other

information other than a deposition transcript qualifies to be "Confidential" or "Highly confidential," the entire document or other information may be so designated and so treated in accordance with this Protective Order.

2.3     Any document shall be clearly marked "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only" or equivalent designation. If an equivalent designation is deemed ambiguous, the receiving party shall notify the producing party of the ambiguity and shall request proper designations and in the interim such information shall be deemed subject to this order.

2.4     For testimony given in deposition or in other pretrial or trial proceedings, any Party or Protected Non-Party can designate the testimony as "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only" and such testimony shall be so protected for a thirty day period after such designation. Within thirty (30) days after such designation, any Party or Non-Party shall identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential—Attorneys' Eyes Only"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.

2.5     If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, by itself, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Protective Order.

3.     <u>Access and Use of Protected Material</u>.

3.1     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Protected Non-Party in connection with this case only

for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 9 below (Final Disposition).

    3.2    Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "Confidential" only to:

    (a)    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c)    experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and .

    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order."

    3.3    Disclosure of "Highly Confidential—Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "Highly Confidential—Attorneys' Eyes Only" only to:

    (a)    the Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose

the information for this litigation provided that any individual attorney to whom disclosure is made shall not provide advice or assistance related to the preparation or prosecution of the Receiving Party's patent applications related to smart card technology until 1 year after entry of a final, non-appealable judgment in the above captioned case;

    (b)      Experts as defined in ¶1.12 who additionally: (1) have not been a past or current employee, consultant, or a manufacturer of the non-retaining a Party; (2) agrees not to seek or accept or continue any non-expert employment or consulting engagements with any Party or any other entity that is in the business of or planning to enter the business of selling or manufacturing on-card biometric smart cards in connection with the manufacture of such cards until eighteen months after a final, non-appealable disposition of this matter; (3) agrees not to disclose Highly Confidential – Attorney's Eyes Only information or use such information for any purpose (specifically including disclosure to or for use by other manufacturers of biometric smart cards) other than in connection with their responsibilities in this litigation; and (4) have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) (the signed copy of Exhibit A to be retained by the Party or Outside Counsel engaging the services of the Expert); and

    (c)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

4.      Challenging Confidentiality Designations.

STOEL RIVES LLP  
ATTORNEYS AT LAW  
SALT LAKE CITY

4.1 Any Party may challenge a confidentiality designation made by another Party, by letter or email to the designating person and/or that person's Counsel with copies to all Counsel of record in this action.

4.2 Timing of Challenges. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

4.3 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must promptly, after sending the letter or email referenced above, confer directly (in voice to voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

4.4 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 and in compliance with Civil Local Rule 79-5, if applicable, that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

5. Protected Material Subpoenaed Or Ordered Produced In Other Litigation.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by email and/or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

6. Unauthorized Disclosure of Protected Material.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

7. Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

8. <u>Duration.</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

9. <u>Final Disposition.</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action and/or any and all appeals of the above captioned case, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel in this action are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration), above.

10. <u>Miscellaneous</u>

10.1    Right to Further Relief. Nothing in this Order shall preclude a Party from seeking and obtaining additional or different protection with respect to the confidentiality of any document or information produced or disclosed in connection with the above captioned case.

10.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

11.    Unauthorized Disclosure. Should any party disclose Confidential or Highly Confidential – Attorney's Eyes Only information in violation of this order, the injured party may seek relief including injunctive relief, damages and/or sanctions in accordance with proof. The parties agree that an award of liquidated damages for each such violation would be an appropriate remedy -- in an amount to be determined by the Court -- in the event the Court determines that violations have occurred. The Court, in its discretion, may award such relief as it determines is just and proper under the circumstances.

STIPULATED AS TO FORM AND SUBSTANCE

DATED: November ___, 2006

By: _____
STOEL RIVES LLP
Marc T. Rasich
Timothy K. Conde

&

Patricia D. Douglass

Attorneys for Defendants Wayne Drizin, Michael Gardiner, electronic Plastics Corporation, and A Card Company

DATED: ~~November~~ Feb 5, 2007 ~~, 2006~~

By: _____
FULBRIGHT & JAWORSKI LLP
Gregory B. Wood

&

HINSHAW & CULBERTSON LLP
Miranda Fritz

IT IS SO ORDERED  SUBJECT TO ATTACHED SUPPLEMENTAL ORDER.
Feb. 9, 2007
DATED: ~~November ___, 2006~~

_____
The Honorable Marilyn Hall Patel

# Exhibit A

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *E-Smart Technologies, Inc., IVI Smart Technologies, Inc. v. Wayne Drizin, Michael Gardiner, Electronic Plastics Company, and A. Card Company*, Case No. 06-CV-05528 MHP. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
             [printed name]

Signature:_____
          [signature]

**PROOF OF SERVICE**

I, Susan Crippen, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 41st Floor, Los Angeles, California 90071. On February 7, 2007, I served a copy of the within document(s):

**STIPULATED PROTECTIVE ORDER**

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

[x] by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date.

| | |
|---|---|
| Marc T. Rasich, Esq.<br>Timothy K. Conde, Esq.<br>Stoel Rives LLP<br>201 South Main Street, Suite 1100<br>Salt Lake City, UT 84111<br>E-Mail: mtrasich@stoel.com<br>tkconde@stoel.com | Patricia D. Douglass, Esq.<br>98 Interpromontory Road<br>Great Falls, VA 22066-3219<br>E-Mail: pdouglass@cox.net |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 7, 2007, at Los Angeles, California.

_Susan Crippen_<br>
Susan Crippen