GREGORY B. WOOD (BAR NO. 068064)
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494
E-Mail:       gwood@fulbright.com

MARANDA E. FRITZ (appearing *pro hac vice*)
HINSHAW & CULBERTSON LLP
780 Third Avenue, 4th Floor
New York, New York 10017-2024
Telephone:   (212) 471-6200
Facsimile:    (212) 935-1166
E-Mail:       MFritz@hinshawlaw.com

Attorneys for Plaintiffs
E-SMART TECHNOLOGIES, INC. and
IVI SMART TECHNOLOGIES INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E-SMART TECHNOLOGIES, INC., a Nevada corporation; and IVI SMART TECHNOLOGIES INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>   v.<br><br>WAYNE DRIZIN, MICHAEL GARDINER, ELECTRONIC PLASTICS CORPORATION and A CARD COMPANY,<br><br>            Defendants. | Case No. 06-CV-05528 MHP<br><br>[PROPOSED] **ORDER REGARDING PRESERVATION**<br><br>(Pursuant to the Order of this Court entered February 23, 2007) |

1. **Order To Meet And Confer**

To further the just, speedy, and economical management of discovery, the parties are ORDERED to meet and confer in person as soon as practicable but no later than 15 days after the date of this Order, to develop a plan for the preservation of documents, data, and tangible things reasonably anticipated to be subject to discovery in this action. The resulting preservation plan shall be submitted to this Court as a Proposed Order under Rule 16(e) no later than 30 days from the date of this Order.

2. **Subjects For Consideration**

The parties should attempt to reach agreement on all issues regarding the preservation of electronic information, documents, data, and tangible things.  These issues include, but are not necessarily limited to:

    a.    The extent of the preservation obligation; the identity of all sources of electronic information; all types of material to be preserved; the identity of the custodian(s) of the electronic information and material to be preserved; the subject matter, time frame, the authors and their addressees, and key words to be used in identifying relevant materials.

    b.    The form and method of providing notice of the duty to preserve to persons identified as custodians of electronic information, documents, data, and tangible things.

    c.    The identification of persons responsible for carrying out preservation obligations on behalf of each party.

    d.    Mechanisms for monitoring, certifying, or auditing custodian compliance with preservation obligations.

    e.    Whether preservation will require suspending or modifying any routine business processes or procedures, with special attention to document management programs and the recycling of computer data storage media.

    f.    The methods to preserve any volatile but potentially discoverable material, such as voicemail, active data in databases, or electronic messages.

    g.    The anticipated costs of preservation and ways to reduce or share these costs.

h.   A mechanism to review and modify the preservation obligation as discovery proceeds, eliminating or adding particular categories of documents, data, and tangible things.

3. **Order to Preserve**

a.   Pending agreement between the parties on a preservation plan, Defendants and their counsel are hereby ordered to preserve all evidence in their custody or control that may be relevant to this action. Information that may be relevant and is specifically to be preserved includes but is not limited to the following:

- Smart cards, smart card systems, and components for smart cards and smart card systems.
- Information and communications related to smart card technology or the business and technology of IVI Smart, e-Smart and BioSensor;
- Communications or documents addressed to sent by or that mention IVI Smart; e-Smart; BioSensor; customers of IVI Smart, e-Smart or BioSensor; board members of IVI Smart or e-Smart.
- Communications or documents sent or received by one or more defendants, one or more plaintiffs, Tamio Saito, Big Bang Technologies or its employees, ID Smart or its employees, ATEN or its employees, NxGen (NexGen) or its employees, PolymerBio or its employees, BioDoc or its employees; Electronic Plastics Corporation (EPC) or its employees; I-Card or its employees; A Card or its employees; Advanced Component Labs, Inc. (ACL) or its employees; Tec Solutions; The Stricklin Corporation or its employees; Todd Carper; Ananth Krishnan; Masako Ando; Cynthia Troutman; Thelen Reid; Kato Shimichi; or John Hopkins University from January 1. 2005 to the present.
- Electronic information including metadata and embedded data, stored on any computer, laptop computer, hard drive, server, back-up tape or disc, flash drive, PDA, telephone, or any other electronic memory that was ever owned by or used to conduct business on behalf of IVI Smart, e-Smart, or BioSensor.

- Electronic information including metadata and embedded data, stored on any computer, laptop computer, hard drive, server, back-up tape or disc, flash drive, PDA, telephone, or any other electronic memory that was used in connection with the development of smart card technology or to conduct business from January 1, 2006 to the present.

b. This order extends to the preservation of electronic information, documents, data, and tangible things in the possession, custody and control of the defendants, and any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel for defendants are also ordered to make reasonable efforts to identify and notify such non-parties, including employees of corporate or institutional parties of their duty to preserve relevant evidence.

c. "Electronic information, documents, data, and tangible things" is to be interpreted broadly, to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; email; telephone message records or logs, computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, flash drives and cards; printouts; document image files; web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts, jottings, and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, embedded data and metadata, are also included in this definition.

d. Preservation in this order means that defendants to take reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible or would corrupt or alter metadata or embedded data.

content
  e. If the business practices of any defendant involve the routine destruction, recycling, relocation, or mutation of such materials, that defendant must, to the extent practicable for the pendency of this initial order, either:

  (i) halt such business processes;

  (ii) sequester or remove such material from the business process; or

  (iii) arrange for the preservation of complete and accurate duplicates or copies of such material in a manner that preserves all metadata and embedded data, suitable for later discovery if requested.

  f. Before the conference to develop a specific preservation plan, a defendants may apply to the Court for further instructions regarding the duty to preserve specific categories of electronic information, documents, data, or tangible things.

  **4. Procedure In The Event No Agreement Is Reached**

  If after conferring to develop a preservation plan, counsel do not reach agreement on the subjects listed under Section 2 of this Order or on other material aspects of preservation, the parties are to submit to the Court, within three days of the conference, a statement of the unresolved issues together with each party's proposal for their resolution of the issues. The Court will consider the statements with any outstanding applications under Section 3(e) of this Order in framing an order regarding the preservation of electronic information, documents, data, and tangible things.

  IT IS SO ORDERED.

  DATED: ~~March~~ May 18, 2007    By _____
  
  The Honorable
  United States District Judge

  - 4 -

  [PROPOSED] ORDER REGARDING PRESERVATION – 3:06-cv-05528-MHP

e. If the business practices of any defendant involve the routine destruction, recycling, relocation, or mutation of such materials, that defendant must, to the extent practicable for the pendency of this initial order, either:

(i) halt such business processes;

(ii) sequester or remove such material from the business process; or

(iii) arrange for the preservation of complete and accurate duplicates or copies of such material in a manner that preserves all metadata and embedded data, suitable for later discovery if requested.

f. Before the conference to develop a specific preservation plan, a defendants may apply to the Court for further instructions regarding the duty to preserve specific categories of electronic information, documents, data, or tangible things.

**4. Procedure In The Event No Agreement Is Reached**

If after conferring to develop a preservation plan, counsel do not reach agreement on the subjects listed under Section 2 of this Order or on other material aspects of preservation, the parties are to submit to the Court, within three days of the conference, a statement of the unresolved issues together with each party's proposal for their resolution of the issues. The Court will consider the statements with any outstanding applications under Section 3(e) of this Order in framing an order regarding the preservation of electronic information, documents, data, and tangible things.

IT IS SO ORDERED.

DATED: ~~March~~ May 18, 2007    By _____



The Honorable
United States District Judge

**PROOF OF SERVICE**

I, Susan Crippen, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 41st Floor, Los Angeles, California 90071. On March 6, 2007, I served a copy of the within document(s):

**[PROPOSED] ORDER REGARDING PRESERVATION**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date.

Marc T. Rasich, Esq.
Timothy K. Conde, Esq.
Stoel Rives LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
E-Mail:   mtrasich@stoel.com
          tkconde@stoel.com

Patricia D. Douglass, Esq.
98 Interpromontory Road
Great Falls, VA 22066-3219
E-Mail:   pdouglass@cox.net

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 6, 2007, at Los Angeles, California.

*Susan Crippen*
Susan Crippen