UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-SMART TECHNOLOGIES, INC., et al., | No. C 06-5528 MHP |
| Plaintiffs, | |
| v. | **ORDER TO SHOW CAUSE** |
| WAYNE DRIZIN, et al., | |
| Defendants. | |

On September 11, 2006 plaintiffs E-Smart Technologies, Inc., et al., filed suit against defendants. On June 2, 2010, plaintiffs' counsel moved to withdraw as counsel, citing non-payment of invoices and irreconcilable differences with plaintiffs. Docket No. 313 (Withdrawal Motion). Specifically, counsel for plaintiffs testify that "[d]uring the course of the May 7, 2010 settlement conference, it became apparent to [plaintiffs' counsel] that [plaintiffs' counsel] and [plaintiffs] are at an impasse about how to resolve this matter." Withdrawal Motion, Lilly Declaration ¶ 3. The June 2 withdrawal motion followed.

Plaintiffs have had numerous disagreements with their counsel, both current and former. This court has entertained several motions for withdrawal of counsel, each of which has occasioned substantial delay in the prosecution of this action. *See, e.g.*, Docket Nos. 239, 259. At the September 21, 2009 hearing, the court warned plaintiffs's counsel that it would not allow further substitution of counsel. Docket No. 294 (Transcript) at 3:15–23. Plaintiffs' counsel stated: "And we understand that we are to be the last parade of lawyers, that there will be no others." *Id.* at 10:5–14. The court was clear in its intention:

> THE COURT: And you can advise Ms. Grace or anybody else that's responsible that that's it. This is it.
>
> MR. TSENG: We understand.

> THE COURT: Any further problems with attorneys, and I'm just going to dismiss the action.
>
> MR. TSENG: Understood, Your Honor.
>
> . . .
>
> THE COURT: That's an easy one. Defaults are harder, but that's what will happen, because obviously the corporation can't represent itself. You have to have an attorney.
>
> MR. TSENG: Understood, Your Honor.

*Id.* at 22:11–22. Plaintiffs' counsel now seek to withdraw. The motion provides no indication as to whether plaintiffs have retained substitute counsel.

Plaintiffs' counsel's withdrawal motion follows on the heels of Herculean efforts by Magistrate Judge Zimmerman, lasting almost a year, to resolve this long-running dispute. It appears that the parties continue to dispute the contours of the trade secrets at issue, even though that matter has been conclusively resolved by the special master. Plaintiffs have failed to both diligently prosecute this action and to cooperate in the settlement process. Consequently, plaintiffs' actions amount to inefficient and ineffective litigation designed to delay resolution within a reasonable period of time. For instance, even though this litigation has been pending for almost four years, it appears that relevant discovery has yet to be completed.

All plaintiffs are corporations that cannot represent themselves. Therefore, plaintiffs through their CEOs and/or Presidents shall appear at the hearing on July 12, 2010, and show cause why this action should not be dismissed in its entirety with prejudice. Failure to appear will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

Dated: June 25, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California