UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-SMART TECHNOLOGIES INC., et al. | No. C06-5528 MHP (BZ) |
| Plaintiff(s), | **ORDER CERTIFYING FACTS RE CONTEMPT** |
| v. | |
| WAYNE DRIZEN, et al. | |
| Defendant(s). | |

The undesigned hereby certifies the following facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) to the Honorable Marilyn Hall Patel in support of the entry of a judgment of civil contempt[1] against plaintiff e-Smart or one or more of

---

[1] A magistrate judge has the power to certify to a district judge facts supporting the entry of a judgment of contempt for misbehavior, such as disobeying a lawful order, which is serious or occurs outside the presence of the magistrate judge. 28 U.S.C. § 636(e)(6)(B)(iii). In that event, the magistrate judge

"shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this

1

its representatives.

1.  Pursuant to a referral from Judge Patel, on July 16, 2010, I ordered that a settlement conference take place on August 12, 2010.

2.  The following people were present a the settlement conference:  attorney for plaintiff: Christopher Lilly; representatives for plaintiff: Mary Grace, Tamio Saito, Marcello Soliven, and Ananth Krishnan; and defendants: Wayne Drizin, and Michael Gardiner.

3. During the settlement conference, Mr. Gardiner, in one room, produced a smart card that he said was manufactured by a company whose name began with an "F" and contained the features e-Smart claimed were trade secrets.  I took the card to plaintiff's representatives in another room, explained defendants' position, and showed them the card.  Ms. Grace took the card and handed it to Mr. Saito who was sitting to her left.  Mr. Saito took it, turned it over as if to examine it and showed it to Mr. Soliven who was sitting to his left.  The last time I saw the card, it was in the hand of Mr. Saito.

4.  At the conclusion of the conference, Mr. Gardiner stated to me that the card had not been returned to him.  We

---

paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."
28 U.S.C. § 636(e)(6).

went to the other room and requested the card from plaintiff's representatives.  They searched their personal effects, and stated they could not locate the missing smart card.

5.   On August 13, 2010, I ordered that everyone present at the settlement conference make every effort to locate the missing smart card and return it to the Court by August 20, 2010.  That has not occurred.

6.   Based on this conduct, I have reason to believe that e-Smart, through one or more of its representatives, still has the missing card, or disposed of it, to prevent it from being used as evidence by defendants.

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiff e-Smart or such of its representatives as Judge Patel may order shall appear before Judge Patel at the time she schedules to show cause why one or more of them should not be adjudged in contempt of court or otherwise sanctioned for their conduct as specified herein.

Dated: September 22, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\REFS.2010\E-SMART\ORDER CERTIFYING FACTS RE CONTEMPT.wpd