UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-SMART TECHNOLOGIES, INC., et al., | **C 06-05528 MHP** |
| Plaintiffs, | **MEMORANDUM & ORDER** |
| v. | **Re:** Special Prosecutor Attorneys' Fees; Defendants' Motion for Attorneys' Fees. |
| WAYNE DRIZIN, et al., | |
| Defendants. | |

In 2006, plaintiffs e-Smart Technologies, Inc. ("e-Smart") and IVI Technologies, Inc. ("IVI") filed this action against defendants, who are former employees. Plaintiffs alleged, among other claims, trade secret theft related to the development of biometric cards. Throughout the course of the litigation, the parties participated in several settlement conferences in an effort to resolve the issues involved. On August 12, 2010, Magistrate Judge Zimmerman convened the parties for yet another settlement conference. At this conference, defendants produced a biometric card manufactured by Fidelica[1] ("the Fidelica card") that defendants contended contained the same technology that defendants were alleged to have stolen. Defendants believed that the Fidelica card was evidence that e-Smart's card technology did not contain trade secrets.

Judge Zimmerman showed the card to plaintiffs and permitted plaintiffs' representatives Mary Grace and Tamio Saito to inspect the card. Judge Zimmerman last saw the Fidelica card in Saito's possession. At the close of the conference, defendants requested the return of the Fidelica card, but plaintiffs claimed that they no longer had the card in their possession. On August 13, 2010, Judge Zimmerman ordered the parties to search for the Fidelica card and to return it anonymously to

1  the court by August 20, 2010. After that date passed and the Fidelica card was not returned, Judge
2  Zimmerman recommended to this court that e-Smart and its representatives be held in contempt as it
3  was Judge Zimmerman's belief that plaintiffs purposefully withheld the Fidelica card in order to
4  prevent its use as evidence. Accordingly, this court issued to plaintiffs an order to show cause why
5  e-Smart and its representatives should not be held in criminal and/or civil contempt and why the
6  action should not subsequently be dismissed with prejudice.

7  This court referred the matter for prosecution to the United States Attorney, but the
8  government declined to prosecute the order to show cause. Accordingly, this court appointed
9  attorneys Stephen Taylor and Jonathan Patchen of the Taylor and Company Law Offices LLP
10 ("Taylor and Company") as independent Special Prosecutors pursuant to Federal Rule of Criminal
11 Procedure 42(a)(2).[2] A four-day hearing was held before the Honorable Judge Shubb of the Eastern
12 District of California, and Judge Shubb concluded by virtue of clear and convincing evidence that
13 Mary Grace took the Fidelica card. Consequently, Judge Shubb found e-Smart in civil contempt and
14 Mary Grace specifically in contempt of court for failure to comply with Judge Zimmerman's August
15 13th order that the card be returned to the court.

16 In light of Judge Shubb's conclusions, this court dismissed plaintiffs' action with prejudice
17 on May 24, 2011, and ordered Taylor and Company to file a declaration along with supporting
18 documentation certifying to the attorneys' fees and costs incurred in prosecuting the order to show
19 cause. Having fully complied with the court's order, Taylor and Company now seeks attorneys' fees
20 and costs in the amount of $47,210.27.

21 Defendants have also moved for attorneys' fees and costs related to the action in general in
22 the amount of $2,339,074.78 and have moved for bond for costs on appeal.

23 I.   Taylor and Company's Fees and Costs

24 Between March 3, 2011, the date of their appointment, and May 24, 2011, the date of this
25 court's dismissal order, Stephen Taylor, Jonathan Patchen and other Taylor and Company personnel
26 expended over 250 hours preparing for and prosecuting this order to show cause. Docket No. 392
27 (Patchen Dec.) ¶ 6. The firm, however, seeks compensation only for the time expended by Mr.
28

2

Patchen and Mr. Taylor. *Id.* Mr. Taylor spent 34.4 hours while Mr. Patchen spent 47.2 hours for a total of 86.1 hours' worth of attorneys' fees sought, a substantial discount in fees when compared with the actual time expended by Taylor and Company. *Id.* ¶ 7.

Mr. Taylor oversaw the proceedings and played a direct and substantial role in developing the strategy for prosecuting the matter, including the determination of the evidence and the arguments to be presented to the court. *Id.* ¶ 9. Mr Patchen reviewed evidence, prepared the witnesses, presented the opening and closing arguments and conducted direct examination and cross-examination of witnesses during the proceedings. *Id.* Given these tasks, Mr. Taylor and Mr. Patchen expended a reasonable amount of time prosecuting this matter.

Mr. Taylor has more than 30 years of experience as a litigator and is the founder of Taylor and Company. His requested hourly rate is $725. Mr. Patchen is a partner at Taylor and Company and has eight years of experience as a litigator. His requested hourly rate is $450. The hourly rate sought by each attorney is well-within the prevailing market rates charged by comparable attorneys in the Northern District of California. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Gates v. Deukmejian*, 987 F.2d 1395, 1405 (9th Cir. 1992). Taylor and Company also request $1030.27 in costs associated with the prosecution of this matter, including fees for service of summons and subpoena, transcript fees, printing fees and witness fees.

II.  <u>Defendants' Motion for Attorneys' Fees and Costs</u>

Defendants move for attorneys' fees and costs on two bases: 1) pursuant to the state Uniform Trade Secret Act,[3] California Civil Code section 3426.4[4], attorneys' fees are available to a prevailing party when a claim of misappropriation is made in bad faith and 2) it is within the court's inherent power to grant attorneys' fees as a sanction for bad faith prosecution and civil contempt. The court addresses each in turn.

Firstly, the court's dismissal of the case stems specifically from e-Smart and Mary Grace's misconduct at the August 12th settlement conference before Judge Zimmerman and Judge Shubb's subsequent finding of civil contempt. The dismissal was not related to plaintiff's initiation of the action nor precipitated by plaintiffs' prosecution of the action. Although in its dismissal the court

3

noted that "[t]he contumacious conduct of plaintiff to date suggests that there is little merit to this case", docket no. 381 (Dismissal Order), without a full hearing specifically geared toward uncovering details of the basis or lack thereof for plaintiffs' state misappropriation claim and the nature of plaintiffs' prosecution of this case, the court declines to conclude that plaintiffs acted in bad faith. Accordingly, attorneys fees' under section 3426.4 are unavailable.[5]

Secondly, the court declines to exercise its sanctioning power to grant attorneys' fees to defendants. The court has already considered the issue of sanctions with respect to plaintiffs' misconduct related to the disappearance of the Fidelica card and Mary Grace's failure to comply with Judge Zimmerman's order. As the parties are well aware, the court determined that dismissal with prejudice was the appropriate sanction and imposed the same.

Lastly, defendants' counsel's submissions with respect to the fees and costs incurred are woefully deficient in detail. Even if the court was inclined to grant the quite substantial attorneys' fees and costs that defendants seek, the court would be wholly unable to determine the reasonableness of counsel's request from the scant amount of information provided.[6] Accordingly, defendants' motion for attorneys' fees in DENIED, and defendants' motion seeking bonds for costs on appeal is DENIED.

CONCLUSION

Taylor and Company is awarded $46,180 in attorneys' fees and $1030.27 in costs for a total of $47,210.27. Plaintiffs shall remit the total amount to Taylor and Company within sixty (60) days of the date of this order.

Defendants' motion for attorneys' fees and costs is DENIED. Defendants' motion seeking bonds for costs on appeal is DENIED. Each party shall bear its own fees and costs.

IT IS SO ORDERED.

Dated: July 18, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4

**ENDNOTES**

1. Fidelica is not a party to this action.

2. Federal Rule of Criminal Procedure 42(a)(2) states:

   The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

3. Plaintiffs alleged a violation of the state's Uniform Trade Secrets Act in their complaint.

4. Section 3426.4 states:

   If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party.

5. The court does not reach the issue of whether defendants may be considered the "prevailing party" for the purposes of section 3426.4.

6. Plaintiffs' objections to defendants' declarations are denied as moot.